UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4277-CAS(Ex) | Date | November 16, 2016 |
|---|---|---|---|
| Title | VOLKS USA INC. V. A2 HOSTING, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (IN CHAMBERS) DEFENDANT'S MOTION TO CHANGE VENUE (Filed August 17, 2016, Dkt. 10)

(IN CHAMBERS) DEFENDANT'S MOTION TO DISMISS (Filed September 21, 2016, Dkt. 22)

## I. INTRODUCTION

On June 15, 2016, Volks USA, Inc. ("Volks") filed this action against A2 Hosting Inc. ("A2"). On September 1, 2016, plaintiff filed the operative First Amended Complaint ("FAC") alleging eleven claims against A2, namely, (1) false advertising pursuant to the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); (2) false advertising pursuant to Cal. Bus. & Prof. Code § 17500; (3) violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §§ 1030(a) et seq.; (4) computer crimes pursuant to Cal. Penal Code § 502; (5) unfair competition pursuant to California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; (6) breach of contract; (7) breach of warranty; (8) negligence; (9) trespass to chattels; (10) negligent misrepresentation; and (11) tortious interference with prospective economic advantage. The gravamen of plaintiff's complaint is that defendant improperly accessed and deleted data from a server allegedly located in California and relating to an online store operated by plaintiff.

On August 17, 2016, defendant filed a motion to change venue to the United States District Court for the Eastern District of Michigan. Dkt. 10. On September 5, 2016, plaintiff filed an opposition. Dkt. 16. On September 12, 2016, defendant filed a reply. Defendant's motion to change venue was originally scheduled for hearing on September

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4277-CAS(Ex) | Date | November 16, 2016 |
|---|---|---|---|
| Title | VOLKS USA INC. V. A2 HOSTING, INC. | | |

26, 2016, however, on September 21, 2016, the Court rescheduled the hearing for October 24, 2016. Dkt. 21.[1]

On September 21, 2016, defendant filed a motion to dismiss the FAC. Dkt. 22. On October 3, 2016, plaintiff filed an opposition. Dkt. 23. On October 11, defendant filed a reply in support of its motion to dismiss. Dkt. 25.

On October 24, 2016, the Court held oral argument on both motions, focusing principally on defendant's motion to transfer. Thereafter, the Court took both motions under submission. Dkt. 27.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

**II.    BACKGROUND**

Volks, Inc. is a Japanese corporation that manufactures specialized toys. FAC ¶ 8. Plaintiff is a California corporation and subsidiary of Volks, Inc. with its principal place of business in the Central District of California. Id. ¶ 1. Plaintiff operates two websites, namely, www.volksusastore.com and www.volksusa.com. Id. ¶ 9. Since January 2014, plaintiffs two websites have been hosted by Caspian Services ("Caspian"), which is a business located in La Crescenta, California. Shigeta Decl. ¶ 5.

In late 2015, plaintiff decided to undertake a substantial overhaul of its web store, www.volksusastore.com, and seek web hosting services from a new company. Id. ¶¶ 6, 9. While plaintiff upgraded its web hosting services, plaintiff planned to maintain its existing hosting agreement with Caspian so that it would have a backup copy of its website data and services relating to both of its web urls. Id. ¶ 9. Plaintiff selected A2 for its new web hosting needs.

---

[1] On October 17, 2016, defendant filed an untimely supplemental affidavit by Bryan Muthig, defendant's president, in support of its reply. Dkt. 26. The Court declines to consider the supplemental Muthig affidavit. See Local Rule 7-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4277-CAS(Ex) | Date | November 16, 2016 |
|---|---|---|---|
| Title | VOLKS USA INC. V. A2 HOSTING, INC. | | |

A2 is a Michigan Corporation with its headquarters and principal place of business in the Eastern District of Michigan. Plaintiff alleges that it was attracted to contract with A2 because of A2's marketing and "money back guarantee." FAC ¶ 16. Plaintiff executed a web hosting contract through A2's website, Id. ¶ 19, and, in the course of checking out, checked a box acknowledging, "I have read and agree to the Terms of Service." Id. ¶ 20. Although plaintiff appears to acknowledge it marked the aforementioned box, plaintiff alleges that it did not read the Terms of Service ("TOS") connected with its hosting contract prior to executing the contract. Id. ¶ 22.

On March 4, 2016, plaintiff contacted defendant about copying data from Caspian servers onto defendant's servers. Plaintiff alleges that its request was limited to data relating to the www.volksusa.com website and that it did not "authorize or request any services for the web store [www.volksusastore.com]." Id. ¶ 34. Plaintiff alleges that on March 5, 2016, defendant agreed to perform the requested task and that defendant did perform said copying. Id. ¶ 40.

However, plaintiff alleges that defendant *also* improperly accessed and deleted data on Caspian servers relating to www.volksusastore.com, effectively destroying the data supporting plaintiff's web store. Id. ¶¶ 45, 49. Plaintiff alleges that the destruction of its web store data has caused it to lose sales, damaged its reputation, and destroyed substantial investments it had made to improve its web store interface.

### III. MOTION TO TRANSFER

#### A. Legal Standards

Plaintiff argues that there are two independent reasons why this case should be transferred to the United States District Court for the Eastern District of Michigan. First, plaintiff argues that venue before this Court is improper pursuant to 28 U.S.C. § 1391 and therefore may be transferred pursuant to 28 U.S.C. § 1406 (permitting transfer of cases brought in an improper venue). In the alternative, plaintiff argues that transfer is appropriate pursuant to 28 U.S.C. § 1404.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4277-CAS(Ex) | Date | November 16, 2016 |
|---|---|---|---|
| Title | VOLKS USA INC. V. A2 HOSTING, INC. | | |

**1.  28 U.S.C. § 1406**

In determining if the plaintiff's preferred venue is improper for the purposes of 28 U.S.C. § 1406, the court looks to 28 U.S.C. § 1391(b), which provides that venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Once a defendant has raised a timely objection to venue, the plaintiff has the burden of showing that venue is proper. Bohara v. Backus Hosp. Med. Benefit Plan, 390 F.Supp.2d 957, 960 (C.D.Cal.2005); see Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir.1979). Pursuant to 28 U.S.C. § 1406(a), a district court in which venue is improper shall dismiss such case or, "if it be in the interest of justice, transfer such case to any district in which it could have been brought."

**2.  28 U.S.C. § 1404**

A district court where venue is otherwise proper may nonetheless transfer an action pursuant to 28 U.S.C. § 1404(a), which provides that:

> For [1] the convenience of parties and [2] witnesses, [and] [3] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV16-4277-CAS(Ex) | Date | November 16, 2016 |
| Title | VOLKS USA INC. V. A2 HOSTING, INC. | | |

A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof . . . [9] the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis [as is] [10] the relevant public policy of the forum state, if any.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 499 (9th Cir. 2000) ("the Jones Factors"). However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere." Catch Curve, Inc. v. Venali, Inc., 2006 U.S. Dist. LEXIS 96379, *3-4, 2006 WL 4568799 (C.D. Cal. 2006).

The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278-279 (9th Cir. 1979). The decision to transfer lies within the sound discretion of the trial judge. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).

### B. Discussion

As an initial matter, venue appears to be proper in both the Central District of California and the Eastern District of Michigan.

#### 1. Venue is Proper in the Central District of California

Plaintiff contends that venue is proper before this Court because "a substantial part of the events or omissions giving rise to the claim" occurred here. See 28 U.S.C. § 1391(b)(2). "Circuit courts are split on whether the statutory reference to 'events or omissions giving rise to the claim' requires courts to focus solely on defendant's

Case 2:16-cv-04277-CAS-E   Document 29   Filed 11/16/16   Page 6 of 19   Page ID #:628

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4277-CAS(Ex) | Date | November 16, 2016 |
|---|---|---|---|
| Title | VOLKS USA INC. V. A2 HOSTING, INC. | | |

activities, or to consider plaintiff's activities as well." William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial § 4:327.1 (2016). Relevant here, the Ninth Circuit has adopted the view that "the locus of the injury" is a relevant factor in determining where a substantial part of the events or omissions occurred. Myers v. Bennett Law Offices, 238 F.3d 1068, 1076 (9th Cir. 2001). Accordingly, some courts have concluded that, for purposes of venue, a defendant's acts over the internet may constitute "events and omissions" in the venue where their effects are felt. See Diesel Power Source, L.L.C. v. Crazy Carl's Turbos Inc., 2015 WL 1034231, at *9 (D. Utah Mar. 10, 2015) (for purposes of venue, defamatory product reviews online about a company which defendant knows is in Utah 'occured' in both Tennessee, where defendant physically sat, and Utah, where defendant projected effects via the internet); Wichmann v. Levine, 2016 WL 4368136, at *3 (E.D. Cal. Aug. 16, 2016) (posts online from Virginia established venue in California).

Plaintiff alleges that an employee of defendant, acting over the internet, accessed a server operated by Caspian which is a company located in the Central District of California. Hideyoshi Decl. ¶ 5. Plaintiff alleges that, over the internet, defendant accessed plaintiff's data on said server and deleted it. For purposes of determining whether venue is proper under section 1391(b)(2), the Court concludes that the events allegedly occurring in the Central District of California, such as the loss of data stored on a server in California and the data exchange necessary to remotely delete said data, constitute a "substantial part of the events or omissions giving rise to the claim." Accordingly, venue is proper in the Central District of California and neither dismissal or transfer are mandated by 28 U.S.C. § 1406.[2] [3]

---

[2] "Venue and personal jurisdiction issues are independent requirements." Schwarzer et al. § 4:16. Defendant does not challenge whether this Court has personal jurisdiction over it and the Court expresses no view as to whether these alleged events constitute sufficient contacts to establish personal jurisdiction.

[3] To the extent that defendant argues venue is improper because of the venue-clause in their TOS, the Court notes that said clause appears to be a permissive rather

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4277-CAS(Ex) | Date | November 16, 2016 |
|---|---|---|---|
| Title | VOLKS USA INC. V. A2 HOSTING, INC. | | |

**2. Venue Is Also Proper in the Eastern District of Michigan**

Although venue is proper in the Central District of California, the Court may nonetheless transfer this action pursuant to 28 U.S.C. § 1404. To satisfy the requirements of section 1404, defendant must first demonstrate that either this action could have been brought before the District Court for the Eastern District of Michigan or plaintiff has consented to venue in the Eastern District of Michigan. See 28 U.S.C. 1404(a).

Section 1391(b)(1) provides that venue is proper in a judicial district in which any defendant resides. A corporation resides, for purposes of venue, in any district in which it would be subject to the court's personal jurisdiction if said district were a state. 28 U.S.C. §§ 1391(c)(2).

Defendant, a Michigan Corporation, has its headquarters and principal place of business in Ann Arbor, Michigan, within the Eastern District of Michigan. Muthig Aff. ¶ 3. Accordingly, defendant is subject to personal jurisdiction in the Eastern District of Michigan and venue would also be proper there.

**3. Transfer Pursuant to 28 U.S.C. § 1404**

**i. Convenience of the Parties and Witnesses**

Regarding convenience, courts evaluate the convenience of all potential witnesses necessary to trial in a case, however, the convenience of the non-party witnesses often figures most prominently in deciding a motion to transfer. Flotsam of Cal., Inc. v.

---

than a mandatory venue provision. Furthermore, a motion pursuant to 28 U.S.C. 1406(a) cannot rely upon a forum-selection clause. Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 577 (2013) (whether venue is wrong or improper depends exclusively on the application of federal venue laws, "and those provisions say nothing about a forum-selection clause"). Instead, a forum selection clause may be raised in a transfer motion pursuant to 28 U.S.C. § 1404. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4277-CAS(Ex) | Date | November 16, 2016 |
|---|---|---|---|
| Title | VOLKS USA INC. V. A2 HOSTING, INC. | | |

Huntington Beach Conf. & Visitors Bureau, 2007 WL 4171136 (N.D.Cal. 2007); Saleh v. Titan Corp., 361 F.Supp.2d 1152, 1161 (S.D.Cal. 2005).

 Plaintiff's principal place of business appears to be in the Central District of California, FAC ¶ 1, and plaintiff avers that there are party witnesses residing here. Defendant's principle place of business and headquarters is in the Eastern District of Michigan, Muthig Aff. ¶ 3, and defendant avers that at least one party-witness resides in the Easter District of Michigan. However, plaintiff further avers that the only non-party witnesses who may be required to testify in this action reside in the Central District of California. Specifically, during oral argument on this matter, plaintiff argued that Caspian employees, who reside in this district, will likely be necessary for trial to explain how access to their servers is controlled. Defendant does not direct the Court to any witness who might be geographically beyond the Court's subpoena power and also beyond its ability to compel its own employees' attendance at trial. Accordingly, Caspian employees are the only non-party witnesses who may be necessary to this action and they reside in the Central District of California.

 Defendant next argues that access to evidence in its possession will be more convenient in Michigan. However, defendant does not direct the Court to any evidence that cannot be shared electronically or transported to the Central District of California for trial. Accordingly, this consideration is a neutral factor.

 In light of the foregoing, the Court concludes that the convenience of witnesses weighs against transfer.

### ii. The Interests of Justice

 Having concluded that the convenience of the parties does not weigh in favor of transfer, defendant must demonstrate some other reason this action should be transferred.

 Defendant, relying on the TOS, contends that plaintiff has agreed to litigation in the Eastern District of Michigan. The venue-clause of the TOS provides that:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4277-CAS(Ex) | Date | November 16, 2016 |
|---|---|---|---|
| Title | VOLKS USA INC. V. A2 HOSTING, INC. | | |

> The validity, interpretation, and performance of this TOS, and of the agreements and policies that apply to the Services, shall be controlled by and construed under the laws of the State of Michigan, United States of America, as if performed wholly within the state and without giving effect to the principles of conflicts of law. You agree that jurisdiction and venue are proper in the state courts located in Ann Arbor, Michigan, or the U.S. District Court for the Eastern District of Michigan located in Ann Arbor Michigan.

Opp'n Ex. L at No. 18. Furthermore, the TOS provides that, "All claims you bring against [A2] must be resolved in accordance with this TOS." Id. at No. 19.

However, as defendant acknowledged during oral argument on this matter, the forum selection clause of the TOS is permissive rather than mandatory. The "vast majority of courts" have concluded that a permissive forum selection clause does not *require* transfer. Lavera Skin Care N. Am., Inc. v. Laverana GmbH & Co. KG, 2014 WL 7338739, at *5 (W.D. Wash. Dec. 19, 2014). The court must apply the "traditional" transfer analysis. Id.

Defendant next argues that resolution of this action turns upon application of Michigan law and that it should, therefore, be transferred. Although resolution of this action, as discussed below, requires application of Michigan law, district courts "regularly apply the law of states other than the forum state." Rabinowitz v. Samsung Elecs. Am., Inc., No. 14-cv-00801-JCS, 2014 WL 5422576, at *7 (N.D. Cal. Oct. 10, 2014). Accordingly, the courts' relative familiarity with the underlying law is a neutral factor.

Finally, defendant offers numerous reasons why other considerations weigh in favor of transfer. Defendant argues that it has a limited connection to this forum, that the alleged acts giving rise to plaintiff's claims did not occur in California, and that plaintiff's connection to the Central District of California is limited. Defendant's arguments are without merit. Plaintiff alleges that defendant's acts caused a foreseeable effect in this district because defendant allegedly destroyed data on servers in this district. Furthermore, plaintiff resides in this district and has its offices in this district. Having

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4277-CAS(Ex) | Date | November 16, 2016 |
|---|---|---|---|
| Title | VOLKS USA INC. V. A2 HOSTING, INC. | | |

reviewed the parties' arguments regarding the respective parties' connection to each forum and the forum's connection to this action, the Court concludes that these factors are either neutral or weigh against transfer.

Ultimately, where the relevant factors do not strongly favor transfer, "the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Accordingly, defendant's motion to transfer is **DENIED**.

## IV. MOTION TO DISMISS

### A. Legal Standard

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4277-CAS(Ex) | Date | November 16, 2016 |
|---|---|---|---|
| Title | VOLKS USA INC. V. A2 HOSTING, INC. | | |

Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

**B.     Discussion**

Defendant argues that many, if not all, of plaintiff's claims are barred by the TOS governing plaintiff's relationship with defendant. Defendant argues that the TOS should be interpreted under Michigan law and to limit defendant's liability for any lost data. Plaintiff acknowledges agreeing to the TOS, but argues that it did not read the TOS and that its claims are outside the scope of the TOS.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4277-CAS(Ex) | Date | November 16, 2016 |
|---|---|---|---|
| Title | VOLKS USA INC. V. A2 HOSTING, INC. | | |

To the extent defendant relies upon the TOS as a bar to plaintiff's claims, defendant is arguing that it has an affirmative defense to plaintiff's claims. "To grant a Rule 12(b)(6) motion on the basis of an affirmative defense, the facts establishing that defense must (i) 'be definitively ascertainable from the complaint and other allowable sources of information, and (ii) 'suffice to establish the affirmative defense with certitude.'" Schwarzer et al.§ 9:193.5 (quoting Gray v. Evercore Restructuring L.L.C., 544 F3d 320, 324 (1st Cir. 2008)); see also ASARCO, LLC v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014). In its evaluation, the Court is "permitted to consider documents that were not physically attached to the complaint where the documents' authenticity is not contested, and the plaintiff's complaint necessarily relies on them." Sams v. Yahoo! Inc., 713 F.3d 1175, 1179 (9th Cir. 2013).

> **1. The Choice of Law Provision of the Terms of Service Is Enforceable and Mandates that Michigan Law Govern Any Action Within the Scope of the Terms of Service.**

Plaintiff incorporates the TOS into its complaint and has attached them as exhibit ten to the FAC. Accordingly, they are properly considered in a motion to dismiss the complaint. The TOS provides, in a section entitled "Choice of Law, Jurisdiction and Venue," that:

> The validity, interpretation, and performance of this TOS, and of the agreements and policies that apply to the Services, shall be controlled by and construed under the laws of the State of Michigan, United States of America, as if performed wholly within the state and without giving effect to the principles of conflicts of law.

FAC Ex. 10 § 18.

"Federal courts sitting in diversity look to the law of the forum state when making choice of law determinations." Hoffman v. Citibank (S. Dakota), N.A., 546 F.3d 1078, 1082 (9th Cir. 2008). Under California law, there is a "strong policy" in favor of enforcing "arm's length contractual choice-of-law provisions." Nedlloyd Lines B.V. v. Superior Court, 3 Cal. 4th 459, 464 (1992). In determining whether or not to apply a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4277-CAS(Ex) | Date | November 16, 2016 |
|---|---|---|---|
| Title | VOLKS USA INC. V. A2 HOSTING, INC. | | |

choice-of-law provision in a contract, the Court must apply a two-part test. Id. First, the Court must determine "whether the chosen state has a substantial relationship to the parties or their transaction" or if there is some other reasonable basis for the parties' choice of law. Id. Second, the Court must determine "whether the chosen state's law is contrary to a *fundamental* policy of California," and enforce the parties' choice-of-law agreement if there is no conflict with a fundamental policy of California. Id. (emphasis in original). If there is a fundamental conflict with California law, the court must then determine "whether California has a 'materially greater interest than the chosen state in the determination of the particular issue.'" Id. (quoting Restatement (Second) of Conflict of Laws § 187).

The Court first concludes that Michigan has a substantial relationship to the parties and their transaction. Defendant is a Michigan corporation operating a business over the internet. Plaintiff, over the internet, sought defendant's hosting services and agreed, by agreeing to the TOS, that Michigan would be a proper forum for any litigation arising out of the TOS. The foregoing facts are sufficient to establish Michigan's substantial interest in the interpretation of the TOS and this action. Id. at 467 (substantial relationship requirement satisfied where a party resides in the chosen forum).

Proceeding to step two, plaintiff does not direct the Court to any "fundamental" policy requiring the Court to disregard the parties' negotiated choice of Michigan law, let alone one in which California has a materially greater interest.[4] Ultimately, the Court need not resolve whether application of Michigan law would conflict with a fundamental policy in California if California lacks a " 'materially greater interest' in enforcing its laws" than Michigan. See Abat v. Chase Bank USA, N.A., 738 F. Supp. 2d 1093, 1095 (C.D. Cal. 2010) (enforcing a choice of law provision where California's interest in the action was not materially greater than Delaware's). To determine which state has a

---

[4] This alone may be fatal to plaintiff's argument. See Nedlloyd, 3 Cal. 4th at 468 ("Because [plaintiff] has identified no fundamental policy of our state at issue in its essentially contractual dispute with [defendant]," the fundamental policy rule, "does not apply"). However, the Court concludes that California does not have a materially greater interest in application of its laws to this action than Michigan.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4277-CAS(Ex) | Date | November 16, 2016 |
|---|---|---|---|
| Title | VOLKS USA INC. V. A2 HOSTING, INC. | | |

greater interest in the litigation, California courts consider, "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicil, residence, nationality, place of incorporation and place of business of the parties." Application Grp., Inc. v. Hunter Grp., Inc., 61 Cal. App. 4th 881, 903 (1998).

In this action, the foregoing factors weigh in favor of enforcing the choice of law provision in the TOS. The TOS was negotiated over the internet and contracted over the internet between plaintiff in California and defendant in Michigan. Accordingly, the first two factors are neutral. With respect to the place of performance, the hosting services described by the TOS relate to plaintiff's use of defendant's servers in Michigan to store plaintiff's data and make it available to anyone who accesses plaintiff's hosted websites. Accordingly, the principal place of performance of the TOS was in Michigan and the subject matter of the contract is located in Michigan. Finally, as already discussed, plaintiff is located in California and defendant is located in Michigan. Accordingly, the place of business of the parties is a neutral factor. Ultimately, Michigan has a slightly greater interest in this action that California because defendant's performance under the contract was to take place in Michigan, and the parties' negotiated choice of law provision is enforceable. Furthermore, courts "have noted the importance of enforcing choice of law provisions for businesses with nationwide customers to limit the risk and expenses of litigation under different laws in every state." Abat, 738 F.Supp. 2d at 1096 (citing Wang Labs., Inc. v. Kagan, 990 F.2d 1126, 1129 (9th Cir. 1993)).

Accordingly, the Court will apply the parties' negotiated choice-of-law. The TOS provides that it shall be governed by Michigan law.

### 2. Plaintiff's Request for Migration Services Is Within the Scope of Plaintiff's Terms of Service Agreement with Defendant.

"The proper interpretation of a contract is a question of law." Coates v. Bastian Bros., Inc., 276 Mich. App. 498, 503, 741 N.W.2d 539, 543 (2007). "Michigan courts 'examine[ ] contractual language and give[ ] the words their *plain and ordinary* meanings.' . . . 'Only when contract language is ambiguous does its meaning become a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4277-CAS(Ex) | Date | November 16, 2016 |
|---|---|---|---|
| Title | VOLKS USA INC. V. A2 HOSTING, INC. | | |

question of fact.' " Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp., 511 F.3d 535, 544 (6th Cir. 2007) (emphasis in original) (quoting Coates v. Bastian Bros., Inc., 276 Mich.App. 498, 503-504 (2007)).

Defendant argues that the TOS applies to its entire relationship with plaintiff, including plaintiffs request that defendant migrate data from Caspian servers to defendant's servers. In response, plaintiff argues that the TOS does not govern "migration services" because the TOS does not explicitly mention migration services.

The Court concludes that the TOS applies to plaintiff's request that defendant move data from Caspian servers to defendant's servers. The TOS unambiguously applies to "services and products provided to [customers] by A2 Hosting, as set out on [A2's] website." FAC Ex. 10 § 1. "Michigan law holds that where one writing refers to another, the two shall be construed together." Jenkins v. U.S.A. Foods, Inc., 912 F. Supp. 969, 971 (E.D. Mich. 1996). Accordingly, the plaintiff's FAC relies upon defendant's description of services on its website. Plaintiff incorporated several exhibits drawn from defendant's website into the FAC. See Exs. 1, 2, 11.

Defendant points out that the FAC's exhibits explicitly list "Free Account Migration" among A2's services and explain "Our team will move you to A2 Hosting for free." See Ex. 1-2 (including the above language) and Ex. 11 (listing "Unlimited Transfer" in association with each of three tiers of hosting services). Accordingly, defendant argues that the TOS unambiguously applies to the migration of data onto its servers. In opposition to defendant's motion, plaintiff argues that its FAC exhibits were taken from defendant's website in April 2016 and therefore do not govern the TOS's scope.

The TOS provides that, "[A2] provide[s] the Services to [the customer] based on the description of them on our website as of the Effective Date. Should our website change subsequent to the Effective Date, we have no obligation to modify the Services to reflect such a change." FAC Ex. 10 § 1. Accordingly, the definition of "Services" within the TOS depends upon the services listed on A2's website when plaintiff agreed to the TOS. Plaintiff alleges that it agreed to the TOS in December 2015. See FAC ¶¶ 11, 19,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4277-CAS(Ex) | Date | November 16, 2016 |
|---|---|---|---|
| Title | VOLKS USA INC. V. A2 HOSTING, INC. | | |

29; see also Opp'n at 2. Accordingly, the Court may consider the contents of defendant's website in December 2015, as incorporated into the TOS. See Sams v. Yahoo! Inc., 713 F.3d 1175, 1179 (9th Cir. 2013) (considering extrinsic evidence of an affirmative defense where "there is no factual dispute as to their contents" and the evidence is "critical to" the action).

Both parties have submitted extrinsic evidence of A2's website in December 2015. With its opposition, plaintiff offers several archived versions of defendant's *homepage* dated between December 15, 2015 (Ex. 12) and April 6, 2016 (Ex. 18). See Jeckel Decl. Exs. 12-18. In its reply, defendant argues that plaintiff failed to attach the entirety of the available web-archive of its website. Reply at 3 n. 3. Defendant offers an archived version of its "web-hosting" page dated December 4, 2015. Reply Ex. A. Neither party disputes or objects to consideration of the other's offered exhibits. Accordingly, they are properly considered by the Court in construing the TOS.

The webpage exhibit offered by A2 describes "Exclusive Web Hosting Features" available under each of three tiers of "hosting." Reply Ex. A at 2. Among the listed features is the language "We'll Migrate Your Site!" which is listed as "Free" under any of the hosting service tiers. Id. The webpage twice lists "data transfer" as a feature of its "Shared Hosting." Id. at 2 & 3. Accordingly, by incorporating the services listed on defendant's webpage, the TOS unambiguously applies to data transfer and migration of data onto defendant's servers.

The Court's conclusion is consistent with other unambiguous language in TOS. For instance, regarding "Limitation of Liability" the TOS provides that A2 "is not liable for unauthorized access to [or] . . . erasure, theft, destruction, alteration or inadvertent disclosure of, data, [sic] . . . *transmitted, received,* or stored on its network." FAC Ex. 10 § 13 (emphasis added).

Plaintiff argues that transfer of data onto defendant's servers is not required for web hosting services because a website "can be built from the ground up on one host." Opp'n at 8. However, the TOS provides that customers "will have no physical access to" defendant's servers. FAC Ex. 10 at Part B. Plaintiff does not allege or argue how a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4277-CAS(Ex) | Date | November 16, 2016 |
|---|---|---|---|
| Title | VOLKS USA INC. V. A2 HOSTING, INC. | | |

website could be built from the "ground up" without either physical access to the defendant's server or transferring data from elsewhere onto defendant's server. On the contrary, plaintiff alleges that it requested defendant transfer plaintiff's website data from elsewhere (a Caspian server) onto the host server (defendant's server). Accordingly, plaintiff's argument that data migration onto defendant's server is beyond the scope of the TOS is without merit. The TOS unambiguously applies to data migration, a service listed on defendant's website and offered as a necessary incident to defendant's hosting services.

### 3. Effect of the Terms of Service on Plaintiff's Claims

Having construed the TOS to apply to the migration of data, the Court must next determine how said interpretation of the TOS affects plaintiff's claims.

Plaintiff alleges that it requested that defendant transfer data from Caspian servers in California to A2 servers. Plaintiff alleges that it did not authorize defendant to access web-store-related data, but rather sought only to transfer data relating to www.volksusa.com. Without resolving the scope of defendant's authorized access, plaintiff alleges that its claims arise from a request for "services" pursuant to the TOS. Plaintiff does not allege that defendant did access or could have accessed any data on Caspian servers in the absence of plaintiff's request that A2 perform a service covered by the TOS.

The TOS provides that "[a]ll claims you bring against us must be resolved in accordance with this TOS," FAC Ex. 10 § 19, "A2 Hosting is not responsible for any loss of data, for any reason," Id. § 13, and that "performance of this TOS, and of the agreements and policies that apply to the Services, shall be controlled by and construed under the laws of the State of Michigan . . . as if performed wholly within the state," Id. § 18. In light of the foregoing, claims which rely upon California statutory law are appropriately dismissed. See Abat v. Chase Bank USA, N.A., 738 F. Supp. 2d 1093, 1096 (C.D. Cal. 2010) (dismissing California statutory claims where choice of law provision called for application of another state's laws).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4277-CAS(Ex) | Date | November 16, 2016 |
|---|---|---|---|
| Title | VOLKS USA INC. V. A2 HOSTING, INC. | | |

In its opposition to the present motion, plaintiff relies exclusively on California law and its argument that the TOS does not apply to its request for data migration. Plaintiff is incorrect. Data migration is a service within the meaning of the TOS. Accordingly, Michigan law and federal law govern the issues in this case. Furthermore, the plain language of the TOS appears to limit defendant's liability for lost data, which may provide an absolute defense to plaintiff's claims.[5] Where an absolute defense appears on the face of the complaint, plaintiff's claims are appropriately dismissed. See Schwarzer et al.§ 9:193.5.

However, plaintiff has not yet briefed what impact, if any, the Court's present ruling may have upon its claims arising under common law or federal statute. Accordingly, the Court reserves final ruling on defendant's motion and orders additional briefing and argument as set forth below.

## V. CONCLUSION

Defendant's motion to transfer is **DENIED**.

The Court rules that data migration is a "Service" as described in the Terms of Service and that the choice of law provision of the TOS is enforceable and requires application of Michigan law to this action. The Court orders supplemental briefing in regard to defendant's motion to dismiss. Supplemental briefing shall address whether plaintiff has stated a claim upon which relief may be granted pursuant to Federal law or Michigan law and whether the TOS provides an absolute defense against plaintiff's claims. The Court sets the following schedule:

- plaintiff shall file a memorandum, not to exceed ten pages, setting forth its position no later than **December 5, 2016**;

---

[5] The TOS acknowledges that "SOME JURISDICTIONS DO NOT ALLOW THE LIMITATION OR EXCLUSION OF LIABILITY FOR [certain damages] . . . YOU AGREE THAT IN THOSE JURISDICTIONS [A2's] LIABILITY WILL BE LIMITED TO THE EXTENT PERMITTED BY LAW." FAC Ex. 10 § 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-4277-CAS(Ex) | Date | November 16, 2016 |
|---|---|---|---|
| Title | VOLKS USA INC. V. A2 HOSTING, INC. | | |

- thereafter, defendant shall file any further reply, not to exceed ten pages, no later than **December 12, 2016**;

- the Court schedules further hearing on this matter for **December 19, 2016, at 10:00am**.

IT IS SO ORDERED.

                                                              00    00
                                      Initials of Preparer          CL